1   KAREN P. HEWITT
    United States Attorney
2   A. DALE BLANKENSHIP
    Assistant U.S. Attorney
3   California State Bar No. 235960
    Federal Office Building
4   880 Front Street, Room 6293
    San Diego, California 92101-8893
5   Telephone: (619) 557-6199/(619) 235-2757 (Fax)
    Email: Dale.Blankenship@usdoj.gov
6
    Attorneys for Plaintiff
7   United States of America

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10  UNITED STATES OF AMERICA,        )   Criminal Case No. 07CR3101-LAB
                                     )
11              Plaintiff,           )   Date:        December 17, 2007
                                     )   Time:        2:00 p.m.
12          v.                       )
                                     )   GOVERNMENT'S RESPONSE AND
13  JULIO MARTINEZ-HERNANDEZ,        )   OPPOSITION TO DEFENDANT'S MOTIONS
                                     )   TO:
14              Defendant.           )
                                     )   (1)      COMPEL DISCOVERY AND
15                                   )           PRESERVE EVIDENCE;
                                     )   (2)      SUPPRESS STATEMENTS; AND
16                                   )   (3)      FILE FURTHER MOTIONS.
                                     )
17                                   )   TOGETHER WITH STATEMENT OF FACTS,
                                     )   MEMORANDUM OF POINTS AND
18                                   )   AUTHORITIES AND
                                     )
19                                   )
                                     )
20                                   )
                                     )
21  _____  )

22          COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel

23  Karen P. Hewitt, United States Attorney, and A. Dale Blankenship, Assistant U.S. Attorney, hereby

24  files its Response and Opposition to the motions filed on behalf of Julio Martinez-Hernandez

25  (Defendant"). This Response and Opposition is based upon the files and records of this case.

26  //

27  //

28  //

1

**I**

2

**STATEMENT OF THE CASE**

3       On November 14, 2007, a federal grand jury in the Southern District of California returned

4   a one-count Indictment charging Defendant with attempted entry after deportation, in violation of

5   Title 8, United States Code, Section 1326.  Defendant was arraigned on the Indictment on November

6   15, 2007, and entered a not guilty plea.

7

**II**

8

**STATEMENT OF FACTS**

9       A.    **INSTANT OFFENSE**

10       On October 15, 2007, at approximately 5:20 a.m., a remote video surveillance system

11   ("RVSS") operator observed four individuals climbing over the international border fence in an area

12   known as the "Elbow."  This area is approximately 1.5 miles west of the San Ysidro, California, Port

13   of Entry.  The "Elbow" is often used by illegal aliens attempting to avoid detection by U.S. Border

14   Patrol ("USBP") Agents while they further their entry into the United States.  The RVSS operator

15   reported this observation to USBP Agent Alan Lambert, who, in turn, relayed the information to

16   USBP Agent Lee Miller.  Agent Lambert arrived first to the area and apprehended two individuals.

17   Agent Miller arrived next, and he was informed by Agent Lambert that another individual fled north

18   from his location.

19       Agent Miller began searching the area on his all terrain vehicle.  Agent Miller observed an

20   individual running away from the "Elbow" along the secondary border fence who then ducked into

21   the brush in an attempt to hide.  Agent Miller dismounted his all terrain vehicle and the individual,

22   later identified as Defendant, Julio Martinez-Hernandez, got up and began to run.  Agent Miller

23   identified himself as a USBP Agent and ordered him to stop.  Defendant did not stop, but instead

24   kept running.  Agent Miller quickly caught up to Defendant and ordered him to stop.  Defendant

25   ignored this command also and kept running in an erratic manner, zig-zagging near Agent Miller's

26   all terrain vehicle.  Defendant eventually ran into Agent Miller's left front tire and stopped running.

27       Agent Miller conducted an immigration inspection.  Defendant identified himself as "Jose

28   Perez-Ruiz".  Defendant admitted to being a citizen of Mexico, without documents permitting him

1   to enter the United States.  Defendant complained that he had pain in his lower right leg.  Agent

2   Miller asked if he wanted medical attention and Defendant stated that if Agent Miller would let him

3   go back to Mexico, right now, he would not need medical attention.  Agent Miller replied that he

4   could not go back to Mexico, right now, and Defendant then declined medical attention.

5       Defendant was arrested and transported to the Imperial Beach Border Patrol Station for

6   processing.   A records search revealed that Defendant's name was not "Jose Perez-Ruiz".

7   Defendant was asked his name again and he replied that he had given a false name in the field and

8   that his name was actually Julio Martinez-Hernandez.   The records check also revealed that

9   Defendant was previously deported by an immigration judge and that he had a criminal history.

10      At approximately 9:05 a.m., USBP Agent Fernando Estrada-Flores advised Defendant of his

11  Miranda rights in the Spanish language and Defendant invoked.

12      **B.      DEFENDANT'S CRIMINAL HISTORY**

13      On July 24, 1989,Defendant was convicted of taking a vehicle without the owner's consent

14  in violation of Cal. Vehicle Code § 10851(a), and he was sentenced to 270 days jail and 3 years

15  probation.  On June 13, 1990, Defendant was convicted of burglary of a locked vehicle in violation

16  of Cal. Penal Code § 459 and he was sentenced to 2 years prison.  On January 21, 1992, Defendant

17  was convicted in the Southern District of California of illegal entry in violation of 8 U.S.C. § 1325

18  and he was sentenced to 150 days' custody.  On April 18, 1993, Defendant was convicted in the

19  Southern District of California of illegal entry in violation of 8 U.S.C. § 1325 and he was sentenced

20  to 100 days' custody.  On September 17, 1993, Defendant was convicted in the Southern District

21  of California of illegal entry in violation of 8 U.S.C. § 1325 and he was sentenced to 160 days'

22  custody.  On April 4, 1995, Defendant was convicted of burglary of a locked vehicle in violation of

23  Cal. Penal Code § 459, and he was sentenced to 16 months prison.  On April 4, 1995, Defendant was

24  convicted, in an unrelated case, of two counts of burglary of a locked vehicle in violation of Cal.

25  Penal Code § 459, and he was sentenced to 4 years prison.  On July 31, 2000, Defendant was

26  convicted in the Southern District of California of illegal entry in violation of 8 U.S.C. § 1325, and

27  he was sentenced to 30 months' custody.  On October 11, 2002, Defendant was convicted in the

28

Southern District of California of illegal entry in violation of 8 U.S.C. § 1325, and he was sentenced to 24 months' custody and 1 year supervised release.

### C.    DEFENDANT'S IMMIGRATION HISTORY

Defendant has been removed from the United States on at least 12 occasions.  Defendant has also had numerous immigration hearings.  Defendant was most recently removed, pursuant to the reinstatement of an immigration judge's order, on November 25, 2006.

### III

### DISCUSSION

### A.    THE GOVERNMENT WILL COMPLY WITH ALL DISCOVERY OBLIGATIONS

The United States has and will continue to fully comply with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. 3500), and Rule 16 of the Federal Rules of Criminal Procedure.[1]  To date, the United States has produced 241 pages of discovery to Defendant's counsel including investigative reports and a DVD copy of the videotape recording of Defendant's Miranda advisal.  A copy of the audiotape of Defendant's deportation hearing has also been produced to Defendant.  In addition Defense counsel has reviewed the A-file and copies of the documents requested by Defense counsel have been produced.  As of today, the United States has received no reciprocal discovery. The Government anticipates that all discovery issues can be resolved amicably and informally, and requests that no order be entered compelling specific discovery in light of the Government's position below.

1.    Defendant's Statements

The United States recognizes its obligation under Federal Rules of Criminal Procedure ("Rules") 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant his written statements and the substance of Defendant's oral statements.  The United States has produced all of Defendant's statements that are known to the undersigned Assistant U.S. Attorney at this time.  If the United States discovers additional oral or written statements that require disclosure under the relevant Rules, such statements will be promptly provided to Defendant.

---

[1]    Unless otherwise noted, all references to "Rules" refers to the Federal Rules of Criminal Procedure.

07CR3101-LAB

2.    <u>Evidence Seized</u>

The United States has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all evidence seized that is within its possession, custody, or control, and that is either material to the preparation of Defendant's defense or is intended for use by the United States as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant.

3.    <u>Tangible Objects</u>

The United States has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy tangible objects that are within its possession, custody, or control, and that is either material to the preparation of Defendant's defense or is intended for use by the United States as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant. The United States, however, need not produce rebuttal evidence in advance of trial. <u>See</u> <u>United States v. Givens</u>, 767 F.2d 574, 584 (9th Cir. 1984). As mentioned above, copies of requested documents from Defendant's A-file have already been produced to Defendant.

4.    <u>Preservation of Evidence</u>

As stated above, the United States will preserve all evidence to which the Defendant is entitled pursuant to the relevant discovery rules.

5.    <u>Expert Witnesses</u>

The United States will comply with Rule 16(a)(1)(G) and provide Defendant with a written summary of any expert testimony that the United States intends to use during its case-in-chief at trial under Federal Rules of Evidence 702, 703 or 705. The Government anticipates that it will call an expert in the field of fingerprint comparison during its case-in-chief. The Government further anticipates that the fingerprints obtained from the Defendant match those fingerprints from the files contained within Defendant's A-file.

6.    <u>Brady Material</u>

The United States has complied and will continue to comply with its discovery obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

07CR3101-LAB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7.     <u>Giglio Material</u>

The United States has complied and will continue to comply with its discovery obligations under <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

8.     <u>Henthorn Material</u>

The United States will comply with its obligations under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991), and request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the United States intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality.  <u>United States v. Booth</u>, 309 F.3d 566, 574 (9th Cir. 2002) (<u>citing</u> <u>United States v. Jennings</u>, 960 F.2d 1488, 1489 (9th Cir. 1992)).  If the undersigned Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel files is "material," the information will be submitted to the Court for an <u>in</u> <u>camera</u> inspection and review.

9.     <u>Jencks Act Material</u>

The United States will comply with its discovery obligations under the Jencks Act, Title 18, United States Code, Section 3500, and as incorporated in Rule 26.2.

10.     <u>Cooperating Witnesses</u>

At this time, the United States is not aware of any confidential informants or cooperating witnesses involved in this case.  The Government must generally disclose the identity of informants where: (1) the informant is a material witness, and (2) the informant's testimony is crucial to the defense.  <u>Roviaro v. United States</u>, 353 U.S. 53, 59 (1957).  If there is a confidential informant involved in this case, the Court may, in some circumstances, be required to conduct an <u>in</u> <u>camera</u> inspection to determine whether disclosure of the informant's identity is required under <u>Roviaro</u>. <u>See</u> <u>United States v. Ramirez-Rangel</u>, 103 F.3d 1501, 1508 (9th Cir. 1997).  If the United States determines that there is a confidential informant or cooperating witness involved in this case, the United States will either disclose the identity of the informant or submit the informant's identity to the Court for an <u>in</u> <u>camera</u> inspection.

07CR3101-LAB

11.     <u>404(b) Material</u>

The United States will disclose, in advance of trial, the general nature of any "other bad acts" evidence that the United States intends to introduce at trial pursuant to Federal Rule of Evidence 404(b). The Government intends to introduce Defendant's prior apprehensions in the United States to show absence of mistake, intent, and knowledge.

12.     <u>Witnesses Addresses</u>

The Government has already provided Defendant with the reports containing the names of the agents involved in the apprehension and interviews of Defendant. A defendant in a non-capital case, however, has no right to discover the identity of prospective Government witnesses prior to trial. <u>See</u> <u>Weatherford v. Bursey</u>, 429 U.S. 545, 559 (1977); <u>United States v. Dishner</u>, 974 F.2d 1502, 1522 (9th Cir 1992) (citing <u>United States v. Steel</u>, 759 F.2d 706, 709 (9th Cir. 1985)); <u>United States v. Hicks</u>, 103 F.23d 837, 841 (9th Cir. 1996). Nevertheless, in its trial memorandum, the Government will provide Defendant with a list of all witnesses whom it intends to call in its case-in-chief, although delivery of such a witness list is not required. <u>See</u> <u>United States v. Discher</u>, 960 F.2d 870 (9th Cir. 1992); <u>United States v. Mills</u>, 810 F.2d 907, 910 (9th Cir. 1987). The Government is not aware of any "tips" provided by anonymous or identified persons that resulted in Defendant's arrest.

The Government objects to Defendant's request that the Government provide a list of every witness to the crimes charged who will not be called as a Government witness. "There is no statutory basis for granting such broad requests," and a request for the names and addresses of witnesses who will not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(C)." <u>United States v. Hsin-Yung</u>, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting <u>United States v. Boffa</u>, 513 F. Supp. 444, 502 (D. Del. 1980)). The Government is not required to produce all possible information and evidence regarding any speculative defense claimed by Defendant. <u>Wood v. Bartholomew</u>, 516 U.S. 1, 6-8 (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery of admissible exculpatory evidence are not subject to disclosure under <u>Brady</u>).

//

07CR3101-LAB

1    13.    <u>Alien File</u>

2        The United States will make Defendant's A-file available for inspection at a time mutually

3    convenient to the parties and will continue to perform its duty under <u>Brady</u> and the discovery rules

4    to disclose all material exculpatory information or evidence favorable to Defendant that is contained

5    in the A-File. The documents in the A-File are not exculpatory. Most of the documents are highly

6    incriminating in nature. The documents include numerous documents related to Defendant's

7    immigration history and his criminal history. The documents establish that Defendant is an illegal

8    alien with a felony criminal record who has been legally deported, removed from the United States,

9    admonished of the criminal sanctions under 8 U.S.C. § 1326, and, despite the prior warnings,

10   subsequently reentered the United States without applying for permission. The Government will

11   provide all documents that fall within the scope of Rule 16.

12   14.    <u>Residual Request</u>

13       The Government has already complied with Defendant's request for prompt compliance with

14   its discovery obligations. The Government will comply with all of its discovery obligations, but

15   objects to the broad and unspecified nature of Defendant's residual discovery request.

16   **B.    DEFENDANT'S SUPPRESSION MOTION SHOULD BE DENIED**

17   1.    <u>Defendant Has Failed to Provide a Sworn Declaration</u>

18       Under Ninth Circuit and Southern District precedent, as well as Southern District Local

19   Criminal Rule 47.1(g)(1)-(4), a defendant is entitled to an evidentiary hearing on a motion to

20   suppress <u>only</u> when the defendant adduces specific facts sufficient to require the granting of the

21   defendant's motion. <u>United States v. Batiste</u>, 868 F.2d 1089, 1093 (9th Cir. 1989) ("[T]he

22   defendant, in his motion to suppress, failed to dispute any material fact in the government's proffer.

23   In these circumstances, the district court was not required to hold an evidentiary hearing."); <u>United</u>

24   <u>States v. Moran-Garcia</u>, 783 F. Supp. 1266, 1274 (S.D. Cal. 1991) (stating that boilerplate motion

25   containing indefinite and unsworn allegations was insufficient to require evidentiary hearing on

26   defendant's motion to suppress statements). Specifically, Local Criminal Rule 47.1(g)(1) states that

27   "[c]riminal motions requiring predicate factual finding shall be supported by declaration(s)" and that

28   "[t]he Court need not grant an evidentiary hearing where either party fails to properly support its

1    motion for opposition." Here, Defendant has failed to support his allegations with a declaration, in

2    clear opposition to Local Rule 47.1(g). The Ninth Circuit has held that a District Court may

3    properly deny a request for an evidentiary hearing on a motion to suppress evidence because the

4    defendant did not properly submit a declaration pursuant to a local rule. United States v. Wardlow,

5    951 F.2d 1115, 1116 (9th Cir. 1991).

6           2.    Defendant's Immigration Inspection Statements Should Not Be Suppressed

7           Defendant's statements made prior to his arrest were made in the context of routine border

8    questioning by a United States Border Patrol Agent, the type of questions which have been found

9    by the Supreme Court and the Ninth Circuit to be insufficient to trigger constitutional protections.

10   Detaining a person for routine border questioning is not custodial. United States v. Troise, 796 F.2d

11   310, 314 (9th Cir. 1986); see also United States v. Galindo-Gallegos, 244 F.3d 728, 731 (9th Cir.),

12   modified by 255 F.3d 1154 (9th Cir. 2001). The Miranda requirement applies only when a

13   defendant is in custody and undergoes custodial interrogation. The police do not need to give

14   Miranda warnings before the defendant is in custody. United States v. Booth, 669 F.2d 1231, 1237

15   (9th Cir. 1981).

16          Defendant alleges that his pre-arrest immigration inspection statements should be suppressed

17   because he was not Mirandized. The facts in our case indicate that Defendant was not in custody

18   during the immigration inspection and therefore Miranda would not apply. Defendant was

19   reasonably detained while the agent conducted an ordinary immigration inspection. The law clearly

20   indicates that being detained for this purpose is permissible. See Stansbury v. California, 114 S.Ct.

21   1526 (1994) (defendant must be "in custody" to trigger need for Miranda warnings); Berkemer v.

22   McCarty, 468 U.S. 442 (1984) (police officer whose "observations lead him reasonably to suspect"

23   that an individual has committed a crime, may briefly detain that person to investigate the

24   circumstances that provoked the officer's suspicions); United States v. Manasen, 909 F.2d 1357,

25   1358-59 (9th Cir. 1990) (routine questioning by customs officials is normally not custodial

26   interrogation that triggers Miranda); United States v. Troise, 796 F.2d 310, 314 (9th Cir. 1986)

27   (same); United States v. Woods, 720 F.2d 1022 (9th Cir. 1983) (brief questioning at airport based

28   upon reasonable suspicion did not trigger Miranda).

1    Prior to the immigration inspection, Defendant was never told he was under arrest, and never

2    even accused of a crime.  Although Agent Miller had to pursue Defendant, he was never forcibly

3    removed or restrained, and was only detained for a short period of time prior to the statements.

4    Defendant's statements were not made under circumstances requiring <u>Miranda</u> warnings and

5    Defendant's motion to suppress those statements should, therefore, be denied.

6    **C.    LEAVE TO FILE FURTHER MOTIONS**

7    The United States does not oppose Defendant's request for leave to file further motions, so

8    long as such motions are based on discovery previously unavailable to Defendant.

9                                                    **VI**

10                                            **CONCLUSION**

11    For the foregoing reasons, the United States requests that the Court deny Defendant's

12    Motions except where unopposed.

13    Dated: December 13, 2007.

14                                        Respectfully Submitted,

15                                        KAREN P. HEWITT
                                          United States Attorney

16

17                                        S/ A. Dale Blankenship
18                                        A. DALE BLANKENSHIP
                                          Assistant United States Attorney
19                                        Attorneys for Plaintiff
                                          United States of America
20                                        Email: Dale.Blankenship@usdoj.gov

21

22

23

24

25

26

27

28

                                        10                        07CR3101-LAB

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No. 07CR3101-LAB |
| Plaintiff, | ) |
| v. | ) **CERTIFICATE OF SERVICE** |
| JULIO MARTINEZ-HERNANDEZ, | ) |
| Defendant. | ) |

IT IS HEREBY CERTIFIED THAT:

I, A. DALE BLANKENSHIP, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS:**

1.    COMPEL DISCOVERY AND PRESERVE EVIDENCE;
2.    SUPPRESS STATEMENTS;; AND
3.    FILE FURTHER MOTIONS.

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Linda Lopez**
Linda_Lopez@fd.org

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

**None**

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 13, 2007.

s/ A. Dale Blankenship
A. DALE BLANKENSHIP

07CR3101-LAB