KAREN P. HEWITT
United States Attorney
A. DALE BLANKENSHIP
Assistant United States Attorney
California State Bar No. 235960
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6199/(619) 235-2757 (Fax)
Email: Dale.Blankenship@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 07CR3101-LAB |
| Plaintiff, | DATE: December 17, 2007<br>TIME: 2:00 p.m. |
| v. | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY AND FINGERPRINT EXEMPLARS |
| JULIO MARTINEZ-HERNANDEZ, | |
| Defendant. | |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and A. DALE BLANKENSHIP, Assistant United States Attorney, and hereby files the attached statement of facts and memorandum of points and authorities in support of government's motion for reciprocal discovery and fingerprint exemplars.

//
//
//
//
//
//
//

1

# I

## STATEMENT OF THE CASE

On November 14, 2007, a federal grand jury in the Southern District of California returned a one-count Indictment charging Defendant with attempted entry after deportation, in violation of Title 8, United States Code, Section 1326. Defendant was arraigned on the Indictment on November 15, 2007, and entered a not guilty plea.

# II

## STATEMENT OF FACTS

### A. INSTANT OFFENSE

On October 15, 2007, at approximately 5:20 a.m., a remote video surveillance system ("RVSS") operator observed four individuals climbing over the international border fence in an area known as the "Elbow." This area is approximately 1.5 miles west of the San Ysidro, California, Port of Entry. The "Elbow" is often used by illegal aliens attempting to avoid detection by U.S. Border Patrol ("USBP") Agents while they further their entry into the United States. The RVSS operator reported this observation to USBP Agent Alan Lambert, who, in turn, relayed the information to USBP Agent Lee Miller. Agent Lambert arrived first to the area and apprehended two individuals. Agent Miller arrived next, and he was informed by Agent Lambert that another individual fled north from his location.

Agent Miller began searching the area on his all terrain vehicle. Agent Miller observed an individual running away from the "Elbow" along the secondary border fence who then ducked into the brush in an attempt to hide. Agent Miller dismounted his all terrain vehicle and the individual, later identified as Defendant, Julio Martinez-Hernandez, got up and began to run. Agent Miller identified himself as a USBP Agent and ordered him to stop. Defendant did not stop, but instead kept running. Agent Miller quickly caught up to Defendant and ordered him to stop. Defendant ignored this command also, and kept running in an erratic manner, zig-zagging near Agent Miller's all terrain vehicle. Defendant eventually ran into Agent Miller's left front tire and stopped running.

Agent Miller conducted an immigration inspection. Defendant identified himself as "Jose Perez-Ruiz". Defendant admitted to being a citizen of Mexico, without documents permitting him to enter the United States. Defendant complained that he had pain in his lower right leg. Agent Miller asked

if he wanted medical attention and Defendant stated that if Agent Miller would let him go back to Mexico, right now, he would not need medical attention. Agent Miller replied that he could not go back to Mexico, right now, and Defendant then declined medical attention.

Defendant was arrested and transported to the Imperial Beach Border Patrol Station for processing. A records search revealed that Defendant's name was not "Jose Perez-Ruiz". Defendant was asked his name again and he replied that he had given a false name in the field and that his name was actually Julio Martinez-Hernandez. The records check also revealed that Defendant was previously deported by an immigration judge and that he had a criminal history.

At approximately 9:05 a.m., USBP Agent Fernando Estrada-Flores advised Defendant of his Miranda rights in the Spanish language and Defendant invoked.

### B.     DEFENDANT'S CRIMINAL HISTORY

On July 24, 1989, Defendant was convicted of taking a vehicle without the owner's consent in violation of Cal. Vehicle Code § 10851(a), and he was sentenced to 270 days jail and 3 years probation. On June 13, 1990, Defendant was convicted of burglary of a locked vehicle in violation of Cal. Penal Code § 459 and he was sentenced to 2 years prison. On January 21, 1992, Defendant was convicted in the Southern District of California of illegal entry in violation of 8 U.S.C. § 1325 and he was sentenced to 150 days' custody. On April 18, 1993, Defendant was convicted in the Southern District of California of illegal entry in violation of 8 U.S.C. § 1325 and he was sentenced to 100 days' custody. On September 17, 1993, Defendant was convicted in the Southern District of California of illegal entry in violation of 8 U.S.C. § 1325 and he was sentenced to 160 days' custody. On April 4, 1995, Defendant was convicted of burglary of a locked vehicle in violation of Cal. Penal Code § 459, and he was sentenced to 16 months prison. On April 4, 1995, Defendant was convicted, in an unrelated case, of two counts of burglary of a locked vehicle in violation of Cal. Penal Code § 459, and he was sentenced to 4 years prison. On July 31, 2000, Defendant was convicted in the Southern District of California of illegal entry in violation of 8 U.S.C. § 1325, and he was sentenced to 30 months' custody. On October 11, 2002, Defendant was convicted in the Southern District of California of illegal entry in violation of 8 U.S.C. § 1325, and he was sentenced to 24 months' custody and 1 year supervised release.

### C. **DEFENDANT'S IMMIGRATION HISTORY**

Defendant has been removed from the United States on at least 12 occasions. Defendant has also had numerous immigration hearings. Defendant was most recently removed, pursuant to the reinstatement of an immigration judge's order, on November 25, 2006.

## III

## **GOVERNMENT'S MOTIONS**

### A. **UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY**

The Government has voluntarily complied and continues to comply with the requirements of Rule 16(a). To date, the Government has provided 241 pages of discovery, an audiotape copy of Defendant's removal hearing, and 1 cd to Defendant. On December 11, 2007, Defendant filed a motion for discovery under rule 16(a)(1)(E). The United States, pursuant to Rule 16(b), hereby requests defendant to permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of defendant and which he intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of defendant, which he intends to introduce as evidence-in-chief at the trial or which were prepared by a witness whom defendant intends to call as a witness. The United States also requests that the court make such orders as it deems necessary under Rule 16(d)(1) and (2) to insure that the United States receives the discovery to which it is entitled.

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses, except the defendant. The time frame established by the rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the United States hereby requests that defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the court. This order should include any form these statements are memorialized in, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

### B. THE UNITED STATES'S MOTION FOR FINGERPRINT EXEMPLARS SHOULD BE GRANTED

Part of the United States' burden of proof in this case is to satisfy the jury that the Defendant is the same individual who was deported from the United States to Mexico. To make that showing, the United States will call an expert in fingerprint identification to testify that the Defendant is in fact the individual whose fingerprints appear on the warrant of deportation. The most efficient and conclusive manner of establishing this information is to permit the expert witness himself to take a set of Defendant's fingerprints for comparison.

Defendant's fingerprints are not testimonial evidence. See Schmerber v. California, 384 U.S. 757 (1966). Using identifying physical characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment right against self-incrimination. See United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); Woods v. United States, 397 F.2d 156 (9th Cir. 1968). The United States therefore respectfully requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert.

### IV

### CONCLUSION

For the foregoing reason, the Government respectfully requests that its motions for reciprocal discovery and fingerprint exemplars be granted.

DATED: December 13, 2007.

                                              Respectfully Submitted,

                                              KAREN P. HEWITT
                                              United States Attorney

                                              S/ A. Dale Blankenship
                                              A. DALE BLANKENSHIP
                                              Assistant United States Attorney
                                              Attorneys for Plaintiff
                                              United States of America
                                              Email: Dale.Blankenship@usdoj.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 07CR3101-LAB |
| Plaintiff, ) | |
| ) | **CERTIFICATE OF SERVICE** |
| v. ) | |
| JULIO MARTINEZ-HERNANDEZ, ) | |
| Defendant. ) | |

IT IS HEREBY CERTIFIED THAT:

I, A. DALE BLANKENSHIP, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **NOTICE OF MOTION AND MOTION FOR RECIPROCAL DISCOVERY and FINGERPRINT EXEMPLARS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Linda Lopez, Esq., Federal Defenders of San Diego, Inc.**
**Linda_Lopez@fd.org**

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

**None**

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 13, 2007.

s/ A. Dale Blankenship
A. DALE BLANKENSHIP

6