KAREN P. HEWITT
United States Attorney
A. DALE BLANKENSHIP
Assistant United States Attorney
California State Bar No. 235960
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6199/(619) 235-2757 (Fax)
Email: Dale.Blankenship@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR3101-LAB |
|---|---|---|
| Plaintiff, | ) ) | DATE: January 22, 2008 |
| | ) | TIME:  2:00 p.m. |
| | ) | |
| | ) | STATEMENT OF FACTS AND |
| JULIO MARTINEZ-HERNANDEZ, | ) | MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES IN SUPPORT OF |
| Defendant. | ) | GOVERNMENT'S MOTION FOR |
| | ) | WITNESS DEPOSITION |
| _____ | ) | |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and A. DALE BLANKENSHIP, Assistant United States Attorney, and hereby files the attached statement of facts and memorandum of points and authorities in support of government's motion for deposition of United States Border Patrol Agent Lee A. Miller.

//

//

//

//

//

//

//

# I

# STATEMENT OF THE CASE

On November 14, 2007, a federal grand jury in the Southern District of California returned a one-count Indictment charging Defendant with attempted entry after deportation, in violation of Title 8, United States Code, Section 1326. Defendant was arraigned on the Indictment on November 15, 2007, and entered a not guilty plea.

On December 17, 2007, the Court heard motions and set a trial date for January 15, 2008. Also on December 17, 2007, the Court granted the Defendant's motion for a competency examination. On January 14, 2008, the Court granted Defendant's motion for a competency examination by a psychologist selected by Defendant and set a new trial date for February 5, 2008.

# II

# STATEMENT OF FACTS

### A.   INSTANT OFFENSE

On October 15, 2007, at approximately 5:20 a.m., a remote video surveillance system ("RVSS") operator observed four individuals climbing over the international border fence in an area known as the "Elbow." This area is approximately 1.5 miles west of the San Ysidro, California, Port of Entry. The "Elbow" is often used by illegal aliens attempting to avoid detection by U.S. Border Patrol ("USBP") Agents while they further their entry into the United States. The RVSS operator reported this observation to USBP Agent Alan Lambert, who, in turn, relayed the information to USBP Agent Lee Miller. Agent Lambert arrived first to the area and apprehended two individuals. Agent Miller arrived next, and he was informed by Agent Lambert that another individual fled north from his location.

Agent Miller began searching the area on his all terrain vehicle. Agent Miller observed an individual running away from the "Elbow" along the secondary border fence who then ducked into the brush in an attempt to hide. Agent Miller dismounted his all terrain vehicle and the individual, later identified as Defendant, Julio Martinez-Hernandez, got up and began to run. Agent Miller identified himself as a USBP Agent and ordered him to stop. Defendant did not stop, but instead kept running. Agent Miller quickly caught up to Defendant and ordered him to stop. Defendant ignored this command also, and kept running in an erratic manner, zig-zagging near Agent Miller's all terrain vehicle.

Defendant eventually ran into Agent Miller's left front tire and stopped running.

Agent Miller conducted an immigration inspection. Defendant identified himself as "Jose Perez-Ruiz". Defendant admitted to being a citizen of Mexico, without documents permitting him to enter the United States. Defendant complained that he had pain in his lower right leg. Agent Miller asked if he wanted medical attention and Defendant stated that if Agent Miller would let him go back to Mexico, right now, he would not need medical attention. Agent Miller replied that he could not go back to Mexico, right now, and Defendant then declined medical attention.

Defendant was arrested and transported to the Imperial Beach Border Patrol Station for processing. A records search revealed that Defendant's name was not "Jose Perez-Ruiz". Defendant was asked his name again and he replied that he had given a false name in the field and that his name was actually Julio Martinez-Hernandez. The records check also revealed that Defendant was previously deported by an immigration judge and that he had a criminal history.

At approximately 9:05 a.m., USBP Agent Fernando Estrada-Flores advised Defendant of his <u>Miranda</u> rights in the Spanish language and Defendant invoked.

### B.    **DEFENDANT'S CRIMINAL HISTORY**

On July 24, 1989, Defendant was convicted of taking a vehicle without the owner's consent in violation of Cal. Vehicle Code § 10851(a), and he was sentenced to 270 days jail and 3 years probation. On June 13, 1990, Defendant was convicted of burglary of a locked vehicle in violation of Cal. Penal Code § 459 and he was sentenced to 2 years prison. On January 21, 1992, Defendant was convicted in the Southern District of California of illegal entry in violation of 8 U.S.C. § 1325 and he was sentenced to 150 days' custody. On April 18, 1993, Defendant was convicted in the Southern District of California of illegal entry in violation of 8 U.S.C. § 1325 and he was sentenced to 100 days' custody. On September 17, 1993, Defendant was convicted in the Southern District of California of illegal entry in violation of 8 U.S.C. § 1325 and he was sentenced to 160 days' custody. On April 4, 1995, Defendant was convicted of burglary of a locked vehicle in violation of Cal. Penal Code § 459, and he was sentenced to 16 months prison. On April 4, 1995, Defendant was convicted, in an unrelated case, of two counts of burglary of a locked vehicle in violation of Cal. Penal Code § 459, and he was sentenced to 4 years prison. On July 31, 2000, Defendant was convicted in the Southern District of California of

illegal entry in violation of 8 U.S.C. § 1325, and he was sentenced to 30 months' custody. On October 11, 2002, Defendant was convicted in the Southern District of California of illegal entry in violation of 8 U.S.C. § 1325, and he was sentenced to 24 months' custody and 1 year supervised release.

### C. DEFENDANT'S IMMIGRATION HISTORY

Defendant has been removed from the United States on at least 12 occasions. Defendant has also had numerous immigration hearings. Defendant was most recently removed, pursuant to the reinstatement of an immigration judge's order, on November 25, 2006.

### III

### GOVERNMENT'S MOTIONS

### A. UNITED STATES' MOTION FOR DEPOSITION

As noted above, Agent Miller apprehended the Defendant and conducted a brief inquiry into Defendant's citizenship and whether Defendant had documents authorizing him to be inside the United States. He is an essential witness in this case.

Agent Miller is currently scheduled to deploy to Iraq on January 25, 2008. Agent Miller's tour of duty will extend from January 25, 2008 until August 15, 2008. Agent Miller will deploy to Iraq in his capacity as a United States Border Patrol Agent. In this capacity, he will be responsible for training Iraqi Border Police and other agents within the Iraq Department of Border Enforcement. The security situation in Iraq requires that Agent Miller travel to Iraq, and travel within Iraq, in conformance with military security requirements. As such, his travel and logistical arrangements must be prepared and approved by the military commanders in Iraq, in advance. Agent Miller will travel to Iraq with the other members of his team which is comprised of United States Border Patrol Agents and Customs Officers. Agent Miller is an integral member of a team whose mission in Iraq is critical to the development of forces in Iraq who can patrol the Iraqi border, operate effective ports of entry, and reduce the security threat posed by the flow of saboteurs, terrorists, and armaments, into Iraq. (Exhibit A: Declaration of Agent Miller)

Federal Rule of Criminal Procedure 15 provides in pertinent part as follows: " A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interests of justice." Fed. R. Crim. P. 15(a)(1).

4

Exceptional circumstances justifying a deposition under Rule 15(a) exist when (1) the prospective deponent is unavailable for trial" and (2) the absence of his or her testimony would result in an injustice. United States v. Drogoul, 1 F.3d 1546, 1552 (11th Cir. 1993). The testimony of Agent Miller is essential to this case. He was the percipient witness to offense conduct and the Defendant made statements regarding his alienage and status to Agent Miller. Further, Agent Miller's deployment to Iraq will make him unavailable for trial.

## IV

## **CONCLUSION**

For the foregoing reason, the Government respectfully requests that its motion for deposition be granted.

DATED: January 17, 2008.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney


S/ A. Dale Blankenship
A. DALE BLANKENSHIP
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: Dale.Blankenship@usdoj.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No.  07CR3101-LAB |
| Plaintiff, | ) ) | **CERTIFICATE OF SERVICE** |
| v. | ) ) | |
| JULIO MARTINEZ-HERNANDEZ, | ) ) | |
| Defendant. | ) ) | |

IT IS HEREBY CERTIFIED THAT:

I, A. DALE BLANKENSHIP, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action.  I have caused service of **NOTICE OF MOTION AND MOTION DEPOSITION OF WITNESS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Stephen Demik, Esq., Federal Defenders of San Diego, Inc.**
**Stephen_Demick@fd.org**
**Linda Lopez, Esq., Federal Defenders of San Diego, Inc.**
**Linda_Lopez@fd.org**

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

**None**

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 17, 2008.

s/ A. Dale Blankenship
A. DALE BLANKENSHIP