STEPHEN D. DEMIK
California State Bar Number 221167
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467

Attorneys for Mr. Martinez-Hernandez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. LARRY A. BURNS)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 07CR3101-LAB |
| Plaintiff, | Date: February 5, 2008<br>Time: 10:00 a.m. |
| v. | **DEFENDANT'S PROPOSED JURY INSTRUCTIONS** |
| JULIO MARTINEZ-HERNANDEZ, | |
| Defendant. | |

TO:   KAREN HEWITT, UNITED STATES ATTORNEY; AND
      DALE BLANKENSHIP, ASSISTANT UNITED STATES ATTORNEY.

Julio Martinez-Hernandez, by and through counsel, Stephen D. Demik and Federal Defenders of San Diego, Inc., and pursuant to Fed. R. Crim. P. 30, requests that the Court instruct the jury on the law as set forth herein.

Respectfully submitted,

*/s/ Stephen D. Demik*

Dated: February 5, 2008        **STEPHEN D. DEMIK**
                               Federal Defenders of San Diego, Inc.
                               Attorneys for Mr. Martinez-Hernandez

1 COURT'S INSTRUCTION NO. _____

2 DEFENDANT'S PROPOSED INSTRUCTION NO. \_\_1\_\_

I instruct you that you must presume Mr. Martinez to be innocent of the crime charged. Thus although accused of a crime, he begins the trial with a "clean slate" -- with no evidence against him. The indictment, as you already know, is not evidence of any kind. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone, therefore, is sufficient to find Mr. Martinez not guilty.

The burden is always upon the government to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. Mr. Martinez is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense -- the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that Mr. Martinez committed each and every element of the offense charged in the indictment, you must find Mr. Martinez not guilty of the offense. If the jury views the evidence in the case as reasonably permitting either of two conclusions -- one of innocence, the other of guilt -- the jury must, of course, adopt the conclusion of innocence.

See O'Malley, Grenig, and Lee. Federal Jury Practice and Instructions, 5th Ed. § 12.10 (modified); Ninth Cir. Model Jury Instr. 3.2 & 3.5.

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

1 | COURT'S INSTRUCTION NO. _____
2 | DEFENDANT'S PROPOSED INSTRUCTION NO. __2__

   You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

   Opinion testimony should be judged just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion and all the other evidence in the case.

   See Ninth Cir. Model Jury Inst. 4.17 (2003 ed.) (modified).

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO.   3

3

4         You have heard testimony that Mr. Martinez made a statement. It is for you to decide (1)
5  whether Mr. Martinez made the statement and what he said; and (2) if so, how much weight to give to it. In
6  making those decisions, you should consider all of the evidence about the statement, including the
7  circumstances under which Mr. Martinez may have made it.

8

9         See Ninth Cir. Model Jury Instr. 4.1 (2003 ed.).

26  GIVEN _____
27  GIVEN AS MODIFIED _____
28  REFUSED _____

1  COURT'S INSTRUCTION NO. _____
2  DEFENDANT'S PROPOSED INSTRUCTION NO.   4  
3
4         You have heard evidence that Mr. Martinez has been previously convicted of a crime.  You
5  may consider that evidence only as it may affect Mr. Martinez's believability as a witness.  You may not
6  consider a prior conviction as evidence of guilt of the crime for which Mr. Martinez is now on trial.
7
8         See 9th Cir. Model Instructions 4.6 (2003)

26  GIVEN _____
27  GIVEN AS MODIFIED _____
28  REFUSED _____

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO. \_\_5\_\_

      Mr. Martinez is charged in the indictment with attempted reentry of deported alien in violation of Section 1326(a) of Title 8 of the United States Code. In order for Mr. Martinez to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

      First, Mr. Martinez had the purpose, that is, conscious desire, to reenter the United States without consent;

      Second, Mr. Martinez committed an overt act, that is, something that was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step towards reentering without consent;

      Third, Mr. Martinez was not a citizen of the United States;

      Fourth, Mr. Martinez had previously been deported from the United States; and

      Fifth, the Secretary of the Department of Homeland Security or a representative of that department had not consented to Mr. Martinez's attempted reentry.

      See 9th Cir. Model Instructions 5.3, 7.9 & 9.5A (2003) (modified); United States v. Gracidas-Ulibarry, 231 F.3d 1188, 1192 (9th Cir. 2000) (en banc) (requiring specific intent and overt act toward committing the crime).

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

1  COURT'S INSTRUCTION NO. _____
2  DEFENDANT'S PROPOSED INSTRUCTION NO.  6
3
4        The government must prove beyond a reasonable doubt that Mr. Martinez is an alien.  Any
5  facts decided in a deportation proceeding are not conclusive proof of alienage in a criminal proceeding.
6
7        See United States v. Meza-Soria, 935 F.2d 166, 170 (9th Cir. 1991).
8
...
26 GIVEN _____
27 GIVEN AS MODIFIED _____
28 REFUSED _____

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO.  7

3

4        The government must prove all of the elements beyond a reasonable doubt. Any facts admitted
5  to or decided in a prior court proceeding are not conclusive proof of these elements.

6

7        See United States v. Meza-Soria, 935 F.2d 166, 170 (9th Cir. 1991); and
         United States v. Arnett, 353 F.3d 765 (9th Cir. 2003) (en banc) (per
8        curiam).

26  GIVEN _____

27  GIVEN AS MODIFIED _____

28  REFUSED _____

1 | COURT'S INSTRUCTION NO. _____

2 | DEFENDANT'S PROPOSED INSTRUCTION NO.   8

　　　　The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror individually agrees that the government has proved every element beyond a reasonable doubt. Thus, your verdict must be unanimous, and you must unanimously agree to the facts upon which you base your verdict.

　　　　See Devitt and Blackmar, 3d ed., § 5 18.01 (modified); Richardson v. United States, 526 U.S. 813 (1999) (jury must unanimously agree as to every element); United States v. Echeverry, 698 F.2d 375 (9th Cir. 1983).

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

1  COURT'S INSTRUCTION NO. _____
2  DEFENDANT'S PROPOSED INSTRUCTION NO. \_\_9\_\_
3
4        A finding of guilt as to any crime may not be based on circumstantial evidence unless the
5  proved circumstances are not only (1) consistent with the theory that the defendant is guilty of the crime, but
6  (2) cannot be reconciled with any other rational conclusion.
7        Further, each fact which is essential to complete a set of circumstances necessary to establish
8  the defendant's guilt must be proved beyond a reasonable doubt. In other words, before an inference essential
9  to establish guilt may be found to have been proved beyond a reasonable doubt, each fact or circumstance
10 on which the inference necessarily rests must be proved beyond a reasonable doubt.
11       Also, if the circumstantial evidence as to any particular element permits two reasonable
12 interpretations, one of which points to the defendant's guilt and the other to his innocence, you must adopt
13 that interpretation that points to the defendant's innocence, and reject that interpretation that points to his
14 guilt.
15
16       <u>See</u> 1 Cal. Jury Instr.--Crim. 2.01 (7th ed. 2003) (Sufficiency of Circumstantial Evidence--Generally) (modified).
17
18
19
20
21
22
23
24
25
26 GIVEN _____
27 GIVEN AS MODIFIED _____
28 REFUSED _____

1 | COURT'S INSTRUCTION NO. _____

2 | DEFENDANT'S PROPOSED INSTRUCTION NO. \_\_10\_\_

4   It is the defendant's theory of the case that he did not have the purpose, that is, conscious desire, to illegally enter the United States because he believes that he has a legal right to enter the United States due to his Indian heritage. If you have a reasonable doubt whether Mr. Martinez had the specific intent to enter the United States without permission, you must find him not guilty.

United States v. Escobar de Bright, 742 F.2d 1196, (9th Cir. 1984 (en banc) (quoting United States v. Winn, 577 F.2d 86, 90 (9th Cir. 1978) ("A defendant is entitled to an instruction concerning his theory of the case if it is supported by law and has some foundation in the evidence.")); United States v. Gracidas-Ulibarry, 231 F.3d 1188, 1192 (9th Cir. 2000) (en banc) (requiring specific intent and overt act toward committing the crime).

26 | GIVEN _____

27 | GIVEN AS MODIFIED_____

28 | REFUSED_____

|||
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | SOUTHERN DISTRICT OF CALIFORNIA |

3  UNITED STATES OF AMERICA,          )
4          Plaintiff,                 )   Case No. 07cr3101-LAB
5  v.                                 )
                                      )   **CERTIFICATE OF SERVICE**
6  JULIO MARTINEZ-HERNANDEZ,          )
7          Defendant.                 )
   _____    )

9       Counsel for Defendant certifies that the foregoing pleading, is true and accurate to the best of

10  her information and belief, and that a copy of the foregoing has been electronically served this day upon:

11      **Arnold Dale Blankenship**
12      Dale.Blankenship@usdoj.gov,Jacquelyn.Mason2@usdoj.gov,efile.dkt.gc1@usdoj.gov

14  Dated: February 5, 2008            */s/ Stephen D. Demik*
                                       STEPHEN D. DEMIK
15                                     Federal Defenders of San Diego, Inc.
16                                     225 Broadway, Suite 900
                                       San Diego, CA 92101-5030
17                                     (619) 234-8467 (tel)
18                                     (619) 687-2666 (fax)
                                       E-mail: Stephen_Demik@fd.org