## COURT'S INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

## COURT'S INSTRUCTION NO. 2

You are here only to determine whether the defendant is guilty or not guilty of the charges in the Indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the Indictment.

## COURT'S INSTRUCTION NO. 3

The indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

## COURT'S INSTRUCTION NO. 4

The evidence from which you are to decide what the facts are consists of:

    (1) the sworn testimony of any witness;

    (2) the exhibits which have been received into evidence; and

    (3) any facts to which all the lawyers have stipulated.

## COURT'S INSTRUCTION NO. 5

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in there opening statements, what they will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## COURT'S INSTRUCTION NO. 6

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

# COURT'S INSTRUCTION NO. 7

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

# COURT'S INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

## COURT'S INSTRUCTION NO. 9

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

## COURT'S INSTRUCTION NO. 10

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

# COURT'S INSTRUCTION NO. 11

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

## COURT'S INSTRUCTION NO. 12

The defendant is charged in the Indictment with being an alien who, after deportation, attempted reentry into the United States in violation of Section 1326(a) of Title 8 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant was deported from the United States;

Second, the defendant had the conscious desire to reenter the United States without consent;

Third, the defendant committed an overt act that was a substantial step towards reentering the United States without consent:

Fourth, the defendant had not obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States; and

Fifth, the defendant was an alien at the time of the defendant's entry into the United States.

An alien is a person who is not a natural-born or naturalized citizen of the United States.

## COURT'S INSTRUCTION NO. 13

It is the defendant's theory of the case that he did not have the purpose, that is, conscious desire, to enter the United States without official permission because he believes that he has a legal right to enter the United States due to his Indian Heritage. If you have a reasonable doubt whether the defendant had the specific intent to enter the United States without permission, you must find him not guilty.

# COURT'S INSTRUCTION NO. 14

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## COURT'S INSTRUCTION NO. 15

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be — that is entirely for you to decide.

## COURT'S INSTRUCTION NO. 16

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

## COURT'S INSTRUCTION NO. 11

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

## COURT'S INSTRUCTION NO. 18

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the bailiff that you are ready to return to the courtroom.

# COURT'S INSTRUCTION NO. 19

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.